**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 28 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff - Appellee,<br><br>   v.<br><br>LAMONT ANDRE BROWN,<br><br>             Defendant - Appellant. | No. 05-35683<br><br>D.C. Nos. CV-04-00161-JWS<br>              CR-00-00132-JWS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, Chief District Judge, Presiding

Submitted February 20, 2007**

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

Federal prisoner Lamont Andre Brown appeals from the district court's

judgment denying his motion under 28 U.S.C. § 2255. We have jurisdiction under

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. §§ 1291 and 2253.  We review *de novo*, *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003), and we affirm.

Brown contends that when the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), it overruled its prior decision in *United States v. Watts*, 519 U.S. 148 (1997) (per curiam).  Because *Watts* is no longer good law, he contends, the district court improperly based his sentence on conduct of which the jury acquitted him, in violation of the Sixth Amendment.  Assuming *arguendo* that *Booker* applies retroactively to Brown's case, *see Caspari v. Bohlen*, 510 U.S. 383, 389 (1994) (holding that retroactivity must be decided before merits), *Booker* affords Brown no relief from his sentence because *Booker* plainly did not overrule *Watts*.  *See Booker*, 543 U.S. at 240 ("The issue we confront [in *Booker*] simply was not presented [in *Watts*]."); *United States v. Mercado*, 474 F.3d 654, 656 (9th Cir. 2007).  Accordingly, we affirm the district court's judgment denying Brown's § 2255 motion.

**AFFIRMED.**

2

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

APR 2 5 2007

by: _____
Deputy Clerk